Almor Dress Co., Inc. v. Commissioner.
Almor Dress Co. v. Commissioner
Docket No. 31885.
United States Tax Court
1952 Tax Ct. Memo LEXIS 80; 11 T.C.M. (CCH) 957; T.C.M. (RIA) 52285; September 25, 1952
*80 While the emergency price control laws were in effect, petitioner, a dress manufacturer, illegally raised its selling price from $3.50 to $3.75 per dress. In its fiscal year 1946, petitioner paid the Treasurer of the United States $4,000 in settlement of a suit brought against petitioner for the overcharges. Held, such amount is not deductible as an ordinary and necessary business expense, since the overcharges were due to a willful disregard of the price control laws and regulations issued thereunder. Joseph J. Lyman, Esq., 1424 K St., N.W., Washington, D.C., for the petitioner. Charles M. *81 Greenspan, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the fiscal year ending January 31, 1946, in the amount of $1,578.51. The sole issue is whether petitioner's payment of $4,000 to the Treasurer of the United States for O.P.A. violations is deductible as an ordinary and necessary business expense. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. Petitioner is a New York corporation engaged in the business of manufacturing lowpriced dresses. Its income tax return for the fiscal year ending January 31, 1946, was filed with the collector of internal revenue for the third district of New York. During the taxable year the business was owned equally by Julius Alper and Benjamin Shapiro, president and secretary-treasurer, respectively, of petitioner. Following the enactment of the Emergency Price Control Act of 1942, petitioner filed a schedule with the Office of Price Administration which, based upon its costs of labor and materials, its traditional margin of profit, and its price for its dresses during the qualifying *82 period, set forth the ceiling price for its one line of dresses at $3.50 per dress. Effective April 26, 1943, a wage increase in the dress industry was granted to union members by the War Labor Board with the approval of the Director of Economic Stabilization. The Office of Price Administration did not permit the manufacturer to pass this increase in labor costs on to the consumer, the understanding being that such increased costs would be absorbed by the manufacturer. After such increase in labor costs, petitioner raised its price from $3.50 per dress to $3.75 per dress. In the early part of 1945, an examination of petitioner's books was conducted by the Office of Price Administration; and, a short time thereafter, petitioner was charged by the Office of Price Administration with having exceeded ceiling prices. On or about February 10, 1945, a complaint was filed by the Office of Price Administration in the United States District Court for the Southern District of New York against petitioner. An amended complaint was filed on February 15, 1945, which charged that petitioner had engaged in acts and practices which constituted violation of section 4 (a) of the Emergency Price Control *83 Act of 1942, as amended, during the period between June 29, 1943, and the date of the complaint, in that it had violated Maximum Price Regulation 287 and Revised Maximum Price Regulation 287. The amended complaint requested a permanent injunction restraining petitioner from selling its goods in excess of the maximum price established under the appropriate regulations and requiring that it keep proper records. In addition, judgment in the amount of $12,000 was requested, such amount being treble damages for the alleged overcharge in the amount of $4,000. On October 25, 1945, Julius Alper, as president of petitioner, entered into a stipulation in the above-mentioned case as follows: "IT IS HEREBY STIPULATED AND AGREED THAT: "1. The defendant, appearing herein, waive [waiver] service of process, answer, any and all defenses which defendant may have to the claims set forth in the complaint herein, hearing, and findings of fact and conclusions of law; and "2. A final judgment, in the form hereto annexed, may be entered against the defendant without notice at any time hereafter. "Dated, New York, October 25, 1945." On April 16, 1946, judgment was entered in accordance with *84 the provisions of said stipulation in which the Administrator was granted the order requested, but no mention was made of damages. During October, November, and December, 1945, petitioner made payments to the Office of Price Administration totaling $4,000 representing a settlement of the case. After the judgment was rendered enjoining petitioner from violating price regulations, it did not reduce its price or change its operations in any way and continued to sell its dresses at the price of $3.75 per dress. In its Federal income tax return for the fiscal year 1946, petitioner claimed as a deduction the amount of $4,000 paid in settlement of the case, which deduction respondent denied. Petitioner's violation of the Emergency Price Control Act of 1942, as amended, was due to willful disregard of such Act and the regulations promulgated thereunder. Opinion RICE, Judge: Payment in settlement of a claim arising under the price control laws has been held to be deductible where the overcharges were innocently and unintentionally made after the exercise of reasonable care. (C.A. 2, 1949); ; *85 ; (C.A. 9, 1950). Where, however, such charges were due to unreasonable lack of care or to willful disregard of the price control laws and price regulations, they have been held not to be deductible. , on appeal C.A. 9; , aff'd (C.A. 6, 1952). Petitioner through its officers was aware of the fact that when it raised its price from $3.50 to $3.75 per dress, it was violating the sale price which had been established under the price control laws and regulations. Shapiro's testimony was to the effect that it was necessary to raise prices in order for petitioner to stay in existence during the emergency period and that its margin of profit was less after raising the price to $3.75 than it was before the authorized increase in labor's salaries while selling the dresses at $3.50. While business expediency may have been a justification to petitioner for its violations, such expediency *86 will not justify a deduction of the $4,000 payment as an ordinary and necessary business expense under section 23 (a) of the Code. Petitioner's remedy was not to arbitrarily increase its selling price for dresses. Even though the policy of the Office of Price Administration was for the manufacturer to absorb the increase and to make no exceptions thereto, such policy did not exhaust petitioner's remedies. Under section 924 of the Emergency Price Control Act of 1942, petitioner could have filed a protest with the Office of Price Administration. If the protest were denied, petitioner could then have filed a complaint requesting relief with the Emergency Court of Appeals created under such Act. The Act also provided for an appeal within 30 days after entry of a judgment or order, interlocutory or final, from such court by a petition for a writ of certiorari to the Supreme Court of the United States. Under such circumstances, petitioner's violation of the price control laws and regulations was willful and respondent did not err in denying petitioner a deduction for its fiscal year 1946 of the $4,000 involved. Decision will be entered for the respondent.